IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| KRISTAL KAISER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.: 2:12-cv-665-MEF |
| | ) | (WO – Publish) |
| TROFHOLZ TECHNOLOGIES, | ) | |
| INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

This case involves claims of race and gender discrimination. Before the Court is Defendant Booz Allen Hamilton, Inc.'s Motion to Dismiss (Doc. #7) filed on August 27, 2012. In its motion, Defendant Booz Allen Hamilton, Inc. ("Defendant" or "Booz Allen") claims that Plaintiff Kristal Kaiser ("Plaintiff") has failed to allege sufficient factual allegations in her Complaint to establish that Booz Allen was her employer for Title VII purposes. Defendant contends that, as a result, this Court lacks subject matter jurisdiction over Plaintiff's claims against it, and that Plaintiff has also failed to state a claim against Booz Allen for which relief can be granted. For the reasons explained herein, the Court disagrees and finds that Defendant's Motion to Dismiss is due to be DENIED.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff is an African-American female who was hired by Defendant Trofholz Technologies, Inc. ("Trofholz") in November 2010 to work as a database administrator at Maxwell Air Force Base. (Doc. #1, ¶ 5.) Plaintiff's contract of employment was with

Trofholz for a period of one year. (Doc. #1, ¶ 5.) Trofholz was a subcontractor for Booz Allen. (Doc. #1, ¶ 5.) Specifically, Trofholz and Booz Allen were contracted to prepare a database for the United States Air Force that would track language capabilities of Air Force service members. (Doc. #1, ¶ 5.)

Plaintiff's supervisors, Pete Ingenloff ("Mr. Ingenloff") and Sheila Miltersen, were Booz Allen employees and were the only supervisors from whom Plaintiff and her co-worker, Randall Jones ("Mr. Jones"), received direction. (Doc. #1, ¶ 6.) This resulted in Booz Allen regularly determining and directing Plaintiff's work roles and responsibilities. (Doc. #1, ¶ 6.)

Plaintiff was assigned to work in an office with three men: two Caucasians and one of Indian descent. (Doc. #1, ¶ 7.) Two of these men were Booz Allen employees, while the other was employed by Trofholz. (Doc. #1, ¶ 7.) One of these men, Micah Cordes ("Mr. Cordes"), a Booz Allen employee, treated Plaintiff badly and told racist and sexist jokes. (Doc. #1, ¶ 8.) In January 2011, Plaintiff complained about Mr. Cordes' conduct to the corporate office of Trofholz, and he was moved to another office. (Doc. #1, ¶ 9.)

Following Mr. Cordes' move, Mr. Ingenloff contacted Trofholz's corporate office and gave them false information about Plaintiff's job performance. (Doc. #1, ¶ 11.) This resulted in Plaintiff receiving a written warning and a negative evaluation. (Doc. #1, ¶ 12.) Plaintiff's co-workers from Trofholz and Booz Allen would also interfere with her work, causing her production to fall behind. (Doc. #1, ¶ 11.) Mr. Ingenloff would then harass Plaintiff about her productivity and berate her in meetings in front of co-workers and

customers. (Doc. #1, ¶ 11.) Plaintiff alleges that Mr. Ingenloff's actions were in retaliation for her January 2011 complaints to Trofholz, and in March 2011, Plaintiff complained to Trofholz about Mr. Ingenloff's conduct. (Doc. #1, ¶ 13.)

Plaintiff was subsequently terminated by Joel Johnson ("Mr. Johnson"), a Trofholz supervisor. (Doc. #1, ¶ 15.) Mr. Johnson told Plaintiff that the reason for her termination was that Booz Allen had told Trofholz that if she continued to work there, Trofholz would lose its contract. (Doc. #1, ¶ 16.) Booz Allen was involved with the decision to terminate Plaintiff because Mr. Ingenloff was angry that Plaintiff had complained and gave Trofholz the ultimatum to either fire Plaintiff or lose its contract. (Doc. #1, ¶ 17.)

On August 3, 2012, Plaintiff filed a Complaint, asserting claims of gender and race discrimination and retaliation against Trofholz and Booz Allen. As Plaintiff's claims arise under Title VII, a federal statute, her Complaint invoked this Court's "federal question" subject matter jurisdiction. (Doc. #1, ¶ 1.) On August 27, 2012, Booz Allen moved to dismiss[1] Plaintiff's claims against it (Docs. #7, 8), arguing that her claims are due to be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(1), (6). More specifically, Booz Allen claims that Plaintiff has failed to allege sufficient facts to establish that it was her employer for purposes of Title VII liability, and, therefore, this Court lacks subject matter jurisdiction over Plaintiff's claims against it. (Docs. #7, 8, 20.) Booz

---

[1] Defendant Trofholz has answered Plaintiff's Complaint. (Doc. #19.)

Allen further contends that, even if this Court does have subject matter jurisdiction over Plaintiff's claims against it, because the allegations of her Complaint fail to establish that Booz Allen was her employer for purposes of Title VII, Plaintiff has failed to state a claim against Booz Allen for which relief can be granted. (Docs. #7, 8, 20.) Booz Allen submitted the Declaration of Charles R. Mehle, II to support its subject matter jurisdiction argument. (Doc. #8-1.)

Plaintiff responds that her Complaint alleges sufficient factual allegations to demonstrate that Booz Allen was her "joint employer" for Title VII purposes. As a result, Plaintiff contends that this Court can exercise subject matter jurisdiction over her claims against Booz Allen and that she has also stated a claim for relief against Booz Allen that passes muster under Rule 12(b)(6). (Docs. #17, 22.) To support her position, Plaintiff submitted the unsworn affidavit of Joel Johnson, Plaintiff's supervisor and a Trofholz employee, a handful of PowerPoint slides from what appears to be a presentation by Booz Allen, and several emails between Booz Allen and Trofholz employees. (Doc. #17-1.)

The parties' arguments are addressed in turn below.

## STANDARD OF REVIEW

1. **Rule 12(b)(1)**

Federal courts have limited jurisdiction. To establish a claim in federal court, the plaintiff must display complete diversity of citizenship or raise a question of federal law for subject matter jurisdiction to exist. The Eleventh Circuit recognizes two challenges to a district court's exercise of subject matter jurisdiction under Rule 12(b)(1) of the Federal

4

Rules of Civil Procedure: facial and factual attacks. *See Whitson v. Staff Acquisition, Inc.*, 41 F. Supp. 2d 1294, 1296 (M.D. Ala. 1999). "A facial attack questions the sufficiency of the pleading and the plaintiff enjoys similar safeguards to those provided when opposing a motion to dismiss" under Rule 12(b)(6). *Id.* "The court accepts the plaintiff's allegations as true, construes them most favorably to the plaintiff, and will not look beyond the face of the complaint to determine jurisdiction." *Id.*

"A factual attack, on the other hand, permits 'the trial court [to] proceed as it never could under [Rule] 12(b)(6).'" *Id.* (quoting *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990) (per curiam)). A district court may consider "matters outside the pleadings, such as testimony and affidavits[.]" *Lawrence*, 919 F.2d at 1529. Indeed, to determine whether it has the power to hear a case, the district court "may weigh the evidence to confirm its jurisdiction." *Whitson*, 41 F. Supp. 2d at 1296. "'No presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts does not preclude the trial court from evaluating for itself the merits of jurisdictional claims.'" *Id.* (quoting *Dunbar*, 919 F.2d at 1529).

"However, there is an important, if not always clear, distinction between the court's power to determine whether it has subject-matter jurisdiction and its ability to reach the substantive federal-law claims which form the basis of the case." *Id.* "When a jurisdictional challenge implicates the merits of a plaintiff's underlying claim, the proper course of action is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's cause of action." *Giannola v. WW Zephyrhills, LLC*, No. 8:10-cv-2541-T-

5

17TBM, 2011 WL 2784617, at *3 (M.D. Fla. July 14, 2011) (citing *Morrison v. Amway Corp.*, 323 F.3d 920 (11th Cir. 2003)). This procedural course provides a plaintiff with "protection from the court's power to weigh the facts under a Rule 12(b)(1) motion" and to consider matters outside the four corners of the complaint. *Whitson*, 41 F. Supp. 2d at 1296.

**2.     Rule 12(b)(6)**

The standard of review for a motion to dismiss under Rule 12(b)(6) is higher. In considering a Rule 12(b)(6) motion to dismiss, "the court accepts the plaintiff's allegations as true . . . and construes the complaint liberally in the plaintiff's favor." *Id.* at 1297. Further, a district court must favor the plaintiff will "all reasonable inferences from the allegations in the complaint." *Stephens v. Dep't of Health and Human Servs.*, 901 F.2d 1571, 1573 (11th Cir. 1990).

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (internal quotations omitted). A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A complaint does not state a facially plausible claim for relief if it shows only "a sheer possibility that the defendant acted unlawfully." *Id.* While a complaint need not contain detailed factual allegations to survive a Rule 12(b)(6) motion, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* (internal quotation and citations omitted). Absent the necessary factual allegations,

6

"unadorned, the-defendant-unlawfully-harmed-me accusation[s]" will not suffice.  *Id.*  Courts are also not "bound to accept as true a legal conclusion couched as a factual allegation."  *Papasan v. Allain*, 478 U.S. 265, 286 (1986).  Granting a motion to dismiss is appropriate only "when it is demonstrated beyond a doubt the plaintiff can prove no set of facts in support of [her] claim that would entitle [her] to relief."  *Reeves v. DSI Sec. Servs.*, 331 Fed. App'x 659, 661 (11th Cir. 2009).

## DISCUSSION

**1.     Rule 12(b)(1) – Lack of Subject Matter Jurisdiction**

Title VII provides that it is an unlawful employment practice for an employer to "discharge any individual, or otherwise to discriminate against any individual with respect to . . . terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin[.]"  42 U.S.C. § 2000e-2(a)(1).  The statute defines an "employer" as "a person engaged in industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or proceeding calendar year[.]"  42 U.S.C. § 2000e(b).  A person includes "corporations" under the statute.  42 U.S.C. § 2000e(a).

While only the statutory definition of "employer" is spelled out in the language of Title VII itself, courts have generally recognized another requirement that a defendant must meet before it can qualify as an employer under Title VII: there must be an "employment relationship" between the plaintiff and the defendant.  *See Reeves*, 331 Fed. App'x at 661; *Roque v. Jazz Casino Co., LLC*, 388 Fed. App'x 402, 404–05 (5th Cir. 2010); 42 U.S.C. §

2000e(b). This is presumably because to qualify as an "employee" of an "employer," a plaintiff must have some sort of employment relationship with the alleged employer. In this case, Booz Allen does not dispute that it meets Title VII's statutory definition of an "employer" in that it is a person engaged in industry affecting commerce who has fifteen or more employees for the statutorily-required time period. *See* 42 U.S.C. § 2000e(b). What Booz Allen does dispute, however, is that it had an employment relationship with Plaintiff sufficient to subject it to Title VII liability. Absent such a relationship, Booz Allen argues, Title VII cannot apply and there can be no statutory basis from which this Court could exercise "federal question" subject matter jurisdiction. (Doc. #8.) Plaintiff responds that Booz Allen qualifies as her "joint employer" with Trofholz under Title VII and, as a result, this Court can exercise subject matter jurisdiction over her claims. (Doc. #17.)

Whether Booz Allen qualifies as Plaintiff's employer under Title VII is likely a dispositive issue in this case, at least with respect to Plaintiff's claims against Booz Allen. What is not as clear, however, is whether the determination of Booz Allen's status as an "employer" under Title VII is a threshold jurisdictional issue, or one that implicates an element of Plaintiff's substantive cause of action. If this determination is jurisdictional, then a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) would be appropriate and, given that Defendant's jurisdictional challenge is a factual one,[2] this Court

---

[2] Defendant submitted the Declaration of Charles R. Mehle, II in support of its motion to dismiss under Rule 12(b)(1). (Doc. #8-1.) Plaintiff also submitted evidence outside of the pleadings in support of her opposition to Defendant's motion to dismiss. (Doc. #17-1.)

could consider the extrinsic evidence presented by the parties in making its decision. *Whitson*, 41 F. Supp. 2d at 1296. However, if subject matter jurisdiction is "'inextricably intertwined' with the merits of the case," then the Court must treat a Rule 12(b)(1) motion as one under Rule 12(b)(6) "to provide the plaintiff with the appropriate protections." *Id.* (quoting *Dunbar*, 919 F.3d at 1529).

For many years, the law in this Circuit concerning whether a defendant qualified as an employer, and consequently, whether an employment relationship existed between the plaintiff and the defendant, for purposes of liability under Title VII has been muddled.[3]

---

[3] *Compare Virgo v. Riviera Beach Assocs., Ltd.*, 30 F.3d 1350, 1360 (11th Cir. 1994) (holding that whether the defendants are joint employers for Title VII purposes is a threshold issue that bears on the court's jurisdiction"), *and Hulsey v. Gunn*, 905 F. Supp. 1067, 1070 (N.D. Ga. 1995) ("Whether Defendants are 'employers' within the definition of Title VII is a 'jurisdictional prerequisite to the maintenance of a Title VII action.'" (quoting *Harris v. Palmetto Tile, Inc.*, 835 F. Supp. 263, 266 (D.S.C. 1993))), *and McLeod v. City of Newton*, 931 F. Supp. 817 (M.D. Ala. 1996) ("According to the Eleventh Circuit, the definition of 'employer' in Title VII is a question of subject matter jurisdiction."), *and Lyes v. City of Riviera Beach, Fla.*, 166 F.3d 1332, 1343 (11th Cir. 1999) ("Because we have treated the question of whether a defendant meets the statutory definition of 'employer' as a threshold jurisdictional matter under Title VII, a plaintiff must show that her 'employer' has fifteen or more employees for the requisite period provided under the statute before her Title VII claims can be reached." (internal citation omitted)), *and Walker v. Boys and Girls Club of Am.*, 38 F. Supp. 2d 1326, 1329 (M.D. Ala. 1999) ("If the Plaintiff cannot establish that the Defendants meet the statutory definition of 'employer,' this court lacks jurisdiction to hear the plaintiff's Title VII and ADA claims."), *and Scarfo v. Ginsberg*, 75 F.3d 957, 961 (11th Cir. 1999) ("Whether the appellees constitute an 'employer' within the definition of Title VII is a threshold jurisdictional issue. . . . Whether the appellees constitute an employer under Title VII does not implicate an element of the cause of action."), *and Watson v. Adecco Employment Servs., Inc.*, 252 F. Supp. 2d 1347, 1354 (M.D. Fla. 2003) ("Whether a defendant meets the statutory definition of 'employer' poses a threshold jurisdictional matter under Title VII."), *and Thomason v. Maui Tacos/Tiki Takoz, LLC*, No. 3:05-cv-169-F(WO), 2005 WL 2002079, at *2 (M.D. Ala. Aug. 17, 2005) ("Whether a defendant meets Title VII's definition of an 'employer' is a threshold jurisdictional issue."), *with Garcia v. Copenhaver, Bell & Assocs.,* 104 F.3d 1256, 1261 (11th Cir. 1997) ("[W]hether or not the defendant is an 'employer' is an element of an ADEA claim and noting that "there is no real difference (other than numerical) between the definitions [of employer] in the two statutes [referring to the ADEA and Title VII.]"), *and Whitson v. Staff Acquisitions, Inc.*, 41 F.

9

However, in 2006, the United States Supreme Court recognized this confusion and used *Arbaugh v. Y&H Corporation* to specifically address the "distinction between two sometimes confused or conflated concepts: federal-court 'subject matter' jurisdiction over a controversy; and the essential ingredients of a federal claim for relief." 546 U.S. 500, 503 (2006).

In *Arbaugh*, the plaintiff brought a Title VII sexual harassment claim that was dismissed for lack of subject matter jurisdiction based on the defendant's failure to meet Title VII's "15-or-more employee requirement." *Id.* at 509–10. Noting that "this Court and others have been less than meticulous" with "the subject-matter jurisdiction/ingredient-of-claim-for-relief dichotomy," the Court held that the "threshold number of employees for application of Title VII is an *element of a plaintiff's claim for relief*, not a jurisdictional issue." *Id.* at 1245 (emphasis added). The Court based its ruling on the fact that Congress could have made "the employee-numerosity requirement 'jurisdictional,' just as it has made an amount-in-controversy threshold an ingredient of subject-matter jurisdiction in delineating diversity-of-citizenship jurisdiction[,]" but instead "the 15-employee threshold appears in a separate provision [of Title VII] that does not speak in jurisdictional terms or refer in any way to the jurisdiction of the district courts." *Id.* (internal quotations omitted) (alteration to original). As a result, the *Arbaugh* Court reasoned, because "Congress does not rank a statutory

Supp. 2d 1294, 1298–99 (M.D. Ala. 1999) ("Whether the Staff defendants are employers (or a joint employer) under the EEOC is a substantive element of a Title VII claim, although intertwined with jurisdictional issues."), *and Morrison v. Amway Corp.*, 323 F.3d 920, 929–30 (11th Cir. 2003) (holding that, based on *Garcia*, whether the defendant qualified as an employer under the FMLA "implicated both jurisdiction and the underlying merits" of the plaintiff's claim and, therefore, should not be resolved on a Rule 12(b)(1) motion to dismiss).

limitation on coverage [under Title VII] as jurisdictional, courts should treat the restriction as nonjurisdictional in character." *Id.* (alteration to original).

Since *Arbaugh*, courts in this circuit have applied its "readily administrable bright line" rule, *id.*, and held that a defendant's status as an employer under Title VII is a non-jurisdictional element of the plaintiff's cause of action. *See Smith v. Angel Food Ministries, Inc.*, No. 3:08-cv-79, 2008 WL 515037, at *2 (M.D. Ga. Dec. 4, 2008) ("The Court finds . . . that Defendant's status as an 'employer' is a non-jurisdictional element of Plaintiff's substantive cause of action[.]"); *Giannola v. WW Zephyrhills, LLC*, No. 8:10-cv-2541-T-17TBM, 2011 WL 2784617, at *3 (M.D. Fla. July 14, 2011) (recognizing that a challenge to the defendant's status as an employer under Title VII is nonjurisdictional and instead "implicates the merits of a plaintiff's underlying claim"). While Booz Allen attempts to distinguish the *Arbaugh* rule as applying only to Title VII's employee numerosity requirement (*see* Doc. #8, n.2), this Court is not convinced that the *Arbaugh* Court intended for its holding to be so limited. Indeed, the Eleventh Circuit has "held that the definition of employers under Title VII is to be construed liberally." *McLeod*, 931 F. Supp. at 820. More importantly, if Booz Allen's distinction were the rule, then a defendant could take advantage of the more defense-friendly standard applied to a Rule 12(b)(1) motion to dismiss for lack of jurisdiction by simply asserting that an "employment relationship" does not exist, as opposed to circumventing qualification as an employer by asserting a failure to meet Title VII's numerosity requirement. In effect, this would allow the "trier of law, rather than the trier of fact, to weigh the merits of the case." *Whitson*, 41 F. Supp. 2d at 1297. This Court

11

does not believe that *Arbaugh* intended such a result.

Based on the foregoing, this Court holds that Booz Allen's status as Plaintiff's employer is a nonjurisdictional element of her substantive cause of action, and therefore, a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction is not the appropriate procedural vehicle for presenting this defense. Rather, "[w]here a jurisdictional challenge implicates the merits of a plaintiff's underlying claim, the proper course of action is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of plaintiff's cause of action." *Giannola*, 2001 WL 2784617 at *3. Accordingly, the Court finds that it has jurisdiction over Plaintiff's claims against Defendant Booz Allen, and Defendant's Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction is DENIED.

**2.     Rule 12(b)(6) – Failure to State a Claim Upon Which Relief Can Be Granted**

Because Booz Allen's status as Plaintiff's employer is an element of her substantive cause of action, rather than a jurisdictional prerequisite, the Court will review Defendant's motion to dismiss under the standard applicable to Rule 12(b)(6), thereby affording "the plaintiff with the appropriate protections." *Whitson*, 41 F. Supp. 2d at 1297. The Court will not consider matters outside of the pleadings, including the extrinsic evidence submitted by both Plaintiff and Booz Allen.[4] Instead, the Court may only consider whether Plaintiff's

---

[4] Additionally, the Court did not consider the extrinsic evidence submitted by both Plaintiff and Booz Allen in ruling on Booz Allen's Rule 12(b)(1) motion to dismiss, as the Court's finding that Booz Allen's status as Plaintiff's employer under Title VII was nonjurisdictional prevented any such consideration.

Complaint contains sufficient factual allegations, when accepted as true, state a claim for relief against Booz Allen that is "plausible on its face." *Ashcroft*, 556 U.S. at 678.

It is possible for two or more businesses to be held liable for violations of Title VII under the "joint employer" theory of recovery. *See Virgo v. Riviera Beach Assocs., Ltd.*, 30 F.3d 1350, 1359–61 (11th Cir. 1994). To be considered a joint employer, an entity must exercise sufficient control over the terms and conditions of a plaintiff's employment. *See id.* at 1360. Courts usually make such a determination by analyzing: (1) the means and manner of the plaintiff's work performance; (2) the terms, conditions, or privileges of the plaintiff's employment; and (3) the plaintiff's compensation. *Llampallas v. Mini-Circuits, Inc.*, 163 F.3d 1236, 1245 (11th Cir. 1998).

Booz Allen argues that Plaintiff's Complaint fails to allege any facts that would establish that Booz Allen qualified as her joint employer for Title VII purposes. (Docs. #7, 8.) Plaintiff responds that her Complaint contains detailed facts that establish a plausible claim that Booz Allen was her joint employer along with Defendant Trofholz for purposes of Title VII liability. According to Plaintiff, these allegations are: (1) that her supervisors were employees of Booz Allen and were the only supervisory personnel from whom she received direction (Doc. #1, ¶ 6); (2) that Plaintiff's supervisor, Mr. Ingenloff, was a Booz Allen employee and carried a lot of authority over Plaintiff (Doc. #1, ¶10); (3) that Mr. Ingenloff could affect whether Trofholz maintained its contract with Booz Allen (Doc. #1, ¶ 10); (4) that Mr. Ingenloff contacted Trofholz on multiple occasions and gave them false information about Plaintiff's job performance, which resulted in Plaintiff receiving a written

13

warning and negative evaluation (Doc. #1, ¶¶ 11-12); (5) that Mr. Ingenloff harassed and berated Plaintiff (Doc. #1, ¶ 11); (6) that Booz Allen told Trofholz that if Plaintiff continued to work there, Trofholz would lose its contract (Doc. #1, ¶ 16); and (7) that Booz Allen was involved with her termination because Mr. Ingenloff was angry that she had complained and Booz Allen gave Trofholz the ultimatum to either fire Plaintiff or lose its contract (Doc. #1, ¶ 17). Plaintiff re-alleges and incorporates each of these allegations into the various counts of her Complaint. (Doc. #1, ¶¶ 20, 29, 36.)

At this stage of the proceedings, having to accept Plaintiff's allegations as true, the Court finds that Plaintiff has alleged sufficient factual allegations to raise a reasonable expectation that evidence will reveal that Booz Allen was indeed her joint employer for purposes of Title VII liability. These allegations demonstrate that while Booz Allen might not have hired Plaintiff, assigned her to a work location, received her complaints, or fired her, Booz Allen did have sufficient control, authority, and influence over the terms and conditions of Plaintiff's employment to support the contention that it was Plaintiff's joint employer with Trofholz for purposes of Title VII liability.

This is not to say, however, that the determination of whether Booz Allen qualifies as Plaintiff's employer under Title VII cannot be presented at the summary judgement stage after the parties have had an opportunity to uncover facts through discovery to support or refute this claim. Nonetheless, at this early stage in the proceedings, the Court is limited to passing solely upon the sufficiency of the Complaint itself and must construe the factual allegations contained therein in a light most favorable to Plaintiff. Applying this standard,

Defendant Booz Allen's motion to dismiss for failure to state a claim upon which relief can be granted is due to be DENIED.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Defendant Booz Allen Hamilton, Inc.'s Motion to Dismiss (Doc. #7) is DENIED.

DONE this the 28th day of March, 2013.

                                                      /s/ Mark E. Fuller
                                        UNITED STATES DISTRICT JUDGE